UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRENT DALY,

                Petitioner,                **97-CV-2385 (TCP)**

  -against-                              **MEMORANDUM
                                              AND ORDER**

UNITED STATES,

                Respondent.
----------------------------------------------------------X
PLATT, District Judge.

      Before the Court is petitioner Trent Daly's motion for a Certificate of Appealability ("COA") from this Court's Order dated January 9, 2012 (DE 84), which denied Daly's motion, brought pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(5) & (6), to overturn a previous Order, i.e., this Court's July 18, 1999 Order denying his 28 U.S.C. § 2255 petition.[1]

      Pursuant to 28 U.S.C. § 2253(c)(1):

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.

Furthermore, § 2253(c)(2) provides that a "certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right"; section 2253(c)(3) provides that the "certificate of appealability under paragraph (1) shall

---

1. In the relevant portion of his habeas corpus petition, Daly argued that he was denied the right to a public trial when, upon the government's motion pursuant to Federal Rule of Evidence 615, the Court ordered potential witnesses excluded from the courtroom.

indicate which specific issue or issues satisfy the showing required by paragraph (2)." As petitioner Daly correctly notes, "28 U.S.C. § 2253(c) applies to an order denying a Rule 60(b) motion for relief from a judgment denying a § 2254 petition." *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2000).

As a threshold matter "[i]n the context of a denial of a Rule 60(b) motion, the petitioner must make 'a substantial showing that the district court abused its discretion.' " *Harrison v. Senkowski*, 247 F.R.D. 402, 419 (E.D.N.Y. 2008) (quoting *Kellogg*, 269 F.3d at 104). Such a showing "indicates that the appeal has the threshold quantum of merit to go forward." *Kellogg*, 269 F.3d at 104 (citing *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998)). Thus, the Second Circuit Court of Appeals has held that a "COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right." *Id.*

In support of his application for a COA, petitioner Daly argues that jurists of reason would find it debatable whether this Court abused its discretion in denying his Rule 60(b) motion when it held that it properly excluded Daly's relatives from the courtroom, upon the government's motion, as potential witnesses. According to Daly, the fact that the undersigned held no hearing to determine whether anyone in the courtroom threatened the government's star witness rendered application of Federal Rule of Evidence ("FRE") 615[2] "premature."

---

2. Federal Rule of Evidence 615, which provides that a court must exclude potential witnesses from the courtroom upon motion of the parties, or of its own accord, is discussed below.

As he did in his FRCP 60(b) motion, Daly argues that this Court impermissibly expanded the United States Supreme Court's holding in *Waller v. Georgia*, 467 U.S. 39 (1984) by considering the exceptions in FRE 615. Daly contends that FRE 615 does not apply to the circumstances of his case and that the rule for courtroom closings announced in *Waller* does. Daly claims that the Court was misadvised by holding that *Waller* did not apply to the facts of his case.

Daly further contends that jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim demonstrating the denial of a constitutional right. He argues that the right to a public trial under the Sixth Amendment of the United States Constitution requires a court to make findings before closing the courtroom to the public.

### *Whether Jurists of Reason Would Find this Court's Denial of Daly's Rule 60(b) Motion an Abuse of Discretion*

Pursuant to FRCP 60(b)(5) and (6), upon motion and just terms, a court may relieve a party or its representative from a final judgment, order or proceeding if the judgment has been satisfied, released, discharged, or no longer equitable or for any other reason justifying relief from operation of the judgment.

Daly's FRCP 60(b) motion contends that there was an intervening change in the law that made the exclusion of his family from the courtroom a violation of his Sixth Amendment right to a public trial. Daly's argument relies upon *Rodriguez v. Miller*, 537 F.3d 102 (2d Cir. 2008) which limits the standard for closing a courtroom to the public to the four-part test enunciated in *Waller v. Georgia*, 467 U.S. 39, 48 (1984). In his 60(b) motion, Daly argued that this Court

incorrectly expanded upon the test for excluding his relatives from the courtroom when it considered the named exceptions to FRE 615.

As set forth in its Order denying Daly's Rule 60(b) motion, FRE 615 provides that at a "party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony" unless they fit within one of four exempted categories. The exceptions apply to: "(a) a party who is a natural person; (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (d) a person authorized by statute to be present."

Daly's Rule 60(b) motion, however, relies upon the law applicable to courtroom *closures* as opposed to the *exclusion* of potential witnesses. *Rodriguez*, therefore, does not apply to the alleged constitutional violation in Daly's trial, i.e., denial of the right to a public trial due to the exclusion of potential witnesses. Rather, the holding in *Rodriguez* applies to situations where a party seeks to have a courtroom fully or partially closed from members of the public. *Rodriguez*, 537 F.3d at 108 (citing *Waller*, 467 U.S. at 48) ("Thus, the *Waller* test is rightly regarded as a rule of general applicability in the courtroom closure context.").

By its plain language, on the other hand, FRE 615 applies to the exclusion of potential witnesses from the courtroom, which was the situation in Daly's case. Given the foregoing, then, a reasonable jurist could not find application of the relevant rule, i.e., exclusion of potential witnesses under FRE 615, an abuse of the Court's discretion.

***Whether Jurists of Reason Would Find that the Underlying Habeas Petition, in Light of the Rule 60(b) Motion, States a Valid Deprivation of a Constitutional Right***

The habeas petition underlying Daly's Rule 60(b) motion argued that Daly was deprived of his Sixth Amendment right to a public trial. The claim was based on the exclusion of Daly's relatives upon motion of the Assistant United States Attorney ("AUSA") after government witness, Todd Middleton, informed the AUSA that he intended to recant his testimony because he felt threatened by Daly's relatives while he was testifying. DE 80 at pp. 2-3.

As explained in the Order denying Daly's habeas petition with respect to his claim that he was deprived of his constitutional right to a public trial, the Court held that he was not deprived of that right because once a party moves to exclude potential witnesses pursuant to FRE 615, a court "*must* order witnesses excluded." (Emphasis added.) Therefore, as was held, the exclusion of potential witnesses is mandatory. DE 80 at pp. 16-17.

Daly's Rule 60(b) motion is based on the *Rodriguez* case which concerns courtroom closures and not the exclusion of witnesses. Accordingly, that case's holding with respect to improper expansion of the test related to courtroom closures is simply inapplicable to the subject of Daly's habeas petition which concerned the exclusion of potential witnesses under FRE 615. Thus, a reasonable jurist could not find that Daly's underlying habeas petition, considered in light of his Rule 60(b) motion, states a valid constitutional claim because the argument in his Rule 60(b) motion, i.e., an intervening change in the law concerning courtroom closures, is inapposite to the purported deprivation of his constitutional right to a public trial based on potential witness exclusion. In other words, the analyses for courtroom closure and courtroom exclusion are separate and distinct. Consequently, the subject matter of the *Rodriguez* case has nothing to do

with the subject matter of Daly's habeas petition or subsequent Rule 60(b) motion.

Accordingly, Daly has not shown the requisite threshold quantum of merit to go forward. For all of the foregoing reasons, Daly's motion for a Certificate of Appealability must be and hereby is **DENIED**.

**SO ORDERED.**

Dated: May 10, 2012
       Central Islip, New York

/s/<br>Thomas C. Platt, U.S.D.J.